**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1969**

---

APAC-ATLANTIC, INC.,

       Plaintiff – Appellant,

v.

OWNERS INSURANCE COMPANY,

       Defendant – Appellee.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:23-cv-00167-MOC-WCM)

---

Argued:  October 22, 2025                      Decided:  February 18, 2026

---

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

---

Vacated and remanded by unpublished opinion.  Judge Harris wrote the opinion, in which Judge Niemeyer and Judge King joined.

---

**ARGUED**:  Kelly Margolis Dagger, ELLIS & WINTERS, LLP, Raleigh, North Carolina, for Appellant.  Jeffrey S. Bolster, BOLSTER ROGERS, PC, Charlotte, North Carolina, for Appellee.  **ON BRIEF**:  J. Michael Malone, HENDREN REDWINE & MALONE PLLC, Raleigh, North Carolina, for Appellant.  Melissa Monroe, BOLSTER ROGERS, PC, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

This appeal is about an insurance company's duty to indemnify. APAC-Atlantic, Inc., was repaving a North Carolina highway with the assistance of subcontractor Emery Sealco, Inc., when two motorcycles crashed on the highway. APAC paid a settlement to the victims of the accidents. It then sued Owners Insurance Company for indemnification under a policy that required Owners to indemnify APAC for liability "arising out of" Emery's work on the highway project.

On cross-motions for summary judgment, the district court held that APAC's liability to the accident victims did not "arise out of" Emery's work for APAC, and granted summary judgment to Owners. We disagree. APAC's liability to the victims is causally connected to Emery's work, and under North Carolina law, that means APAC's liability "arises out of" Emery's work. Accordingly, we vacate the district court's judgment and remand with instructions to enter judgment in APAC's favor.

## I.

### A.

In 2018, the North Carolina Department of Transportation (NCDOT) hired APAC-Atlantic, Inc., for a highway repaving project. As part of its work, APAC would "mill" – grind away – the top layer of old pavement from the highway and then replace that layer with new asphalt. Once APAC put down the new layer of asphalt, the highway would be restored to its original height. But in the interim, APAC's work created uneven pavement conditions: Lanes still "milled down" were lower than adjacent lanes that already had been

2

restored with new asphalt.  That kind of uneven pavement is dangerous, especially for motorcyclists switching between uneven lanes.  So NCDOT required APAC to install, both before and within its work areas, signs that warned oncoming motorists about uneven pavement.

Through a series of agreements, APAC hired Emery Sealco, Inc., as a subcontractor to place uneven pavement signs "near the beginning of the project" and "every half mile" thereafter.  J.A. 580.  Emery obtained liability insurance from Owners Insurance Company for its work on the project and added APAC to that policy as an additional insured party.  Under the terms of the policy, Owners had a duty to defend and indemnify APAC for any liability "arising out of" Emery's work for APAC.  J.A. 323.  The scope of that "arising out of" policy language is the issue now on appeal.

**B.**

This case began with two separate motorcycle accidents on an area of highway that APAC was repaving.  While APAC's work was underway, two motorcyclists lost control of their vehicles while switching between lanes that were temporarily uneven as a result of APAC's work.  The accidents were very serious:  All of the victims sustained severe bodily injuries, and one lost his life.

The victims sued APAC, alleging, among other things, that APAC was negligent because it failed to place uneven pavement signs in advance of the uneven lanes.  Emery had placed uneven pavement signs within the area in which APAC was working.  But the crashes occurred at the very start of the work area, and there were no uneven pavement signs *before* that point, as would have been necessary to give the victims advance warning

3

of the lane conditions. Indeed, the victims' expert witnesses identified the lack of such advance-warning signs as one of the main causes of both crashes.

APAC settled the victims' case. It then asked Owners to indemnify it by paying for the settlement. Owners refused, leading to this lawsuit.

### C.

APAC sued Owners in North Carolina state court, alleging that Owners breached the insurance policy by failing to indemnify APAC for its settlement. Owners removed the case to federal district court, and eventually, the parties filed cross-motions for summary judgment.

APAC and Owners agreed on the dispositive issue: Under the terms of the Owners policy, Owners was required to indemnify APAC if and only if APAC's liability in the victims' case "arose out of" Emery's signage work on the highway project. Applying North Carolina law, the district court held that APAC's liability did *not* "arise out of" Emery's work for APAC, and thus granted Owners's motion for summary judgment and denied APAC's. *APAC-Atl., Inc. v. Owner's Ins. Co.*, 2024 WL 4271580, at *7 (W.D.N.C. Sep. 23, 2024).

The district court took a fault-based approach to the question of whether APAC's liability arose out of Emery's work. It acknowledged that APAC and Emery had agreed that Emery would place uneven pavement signs throughout the project area, and that Emery had done so. But, the district court found, APAC had not delegated to Emery the responsibility for the specific uneven pavement signs required by NCDOT. *See id.* at *5–6. Instead, the district court determined, the blame rested with APAC and its failure to

4

ensure that the required signs were posted. *Id.* at \*7. It followed, the district court reasoned, that APAC's liability to the victims did not arise out of Emery's work. *Id.* (citing *Davis v. LTV Steel Co.*, 716 N.E.2d 766 (Ohio Ct. App. 1998) (finding that "arising out of" policy language protects a contractor only from liability for the negligence of its subcontractor)).

This timely appeal followed.

## II.

We review de novo a district court's disposition of cross-motions for summary judgment. *Grp. Home on Gibson Island, LLC v. Gibson Island Corp.*, 144 F.4th 522, 531 (4th Cir. 2025). We examine each motion separately, viewing the facts and inferences in the light most favorable to the non-moving party. *Id.* If a reasonable jury could return a verdict for the non-movant, then a genuine factual dispute exists, and summary judgment is improper. *Id.* But "if the facts are undisputed, we are free to direct the entry of an order awarding summary judgment to the party whose motion was denied." *Bauer v. Lynch*, 812 F.3d 340, 351 (4th Cir. 2016) (citation and internal quotation marks omitted).

We likewise review de novo the district court's interpretation of the Owners policy, which underlies its summary judgment ruling. *Young v. Equinor USA Onshore Props., Inc.*, 982 F.3d 201, 205–06 (4th Cir. 2020). That question is governed by North Carolina law, as the district court explained and the parties agree. *APAC-Atl.*, 2024 WL 4271580, at \*4.

5

The parties also agree, as they have from the start, that to decide this case we need only answer one question: Does APAC's liability in the victims' case "arise out of" Emery's work, under the terms of the Owners policy? North Carolina courts construe the phrase "arising out of" broadly where, as here, it is used in an insurance contract to extend coverage. *Affinity Living Grp., LLC v. StarStone Specialty Ins. Co.*, 959 F.3d 634, 641 (4th Cir. 2020). "Arising out of," the Supreme Court of North Carolina has explained, "are words of much broader significance than 'caused by.'" *State Cap. Ins. Co. v. Nationwide Mut. Ins. Co.*, 350 S.E.2d 66, 69 (N.C. 1986). So long as APAC's liability to the motorcycle accident victims is "incident to" or "ha[s] connection with" Emery's work in placing uneven pavement signs in the work area, it "arises out of" that work. *Id.* If APAC can demonstrate "only some causal connection," it is entitled to indemnification. *Affinity Living Grp.*, 959 F.3d at 641.

The undisputed facts in this case satisfy that standard. All agree that APAC's liability to the accident victims stemmed in part from the improper placement of uneven pavement signs, as established by the record from the victims' case. And no one disputes that Emery installed uneven pavement signs around the project area for APAC. That work by Emery has a "connection" with APAC's liability – which, again, turned in part on the placement of those signs. Under North Carolina law, it follows that APAC's liability "arises out of" Emery's work, *State Cap. Ins. Co.*, 350 S.E.2d at 69, and that APAC is thus entitled to summary judgment, *Bauer*, 812 F.3d at 351.

The district court reached a different conclusion by employing a fault-based analysis drawn from an Ohio Court of Appeals decision. *See APAC-Atl.*, 2024 WL 4271580, at *7

6

(citing *Davis*, 716 N.E.2d 766). In *Davis*, the Ohio court construed "arising out of" as protecting a contractor like APAC only from liability stemming from a subcontractor's negligence, and not from its own. 716 N.E.2d at 769. What mattered in *Davis*, in short, was who was at fault. *Id.* But the Court of Appeals of North Carolina has expressly rejected that interpretation of "arising out of." Instead, it reads "arising out of" as providing coverage to a contractor "even for liability arising from the [contractor's] own independent negligence," so long as there is some "causal nexus" between the contractor's liability and the subcontractor's work. *Pulte Home Corp. v. Am. S. Ins. Co.*, 647 S.E.2d 614, 619 (N.C. Ct. App. 2007).* It is enough, in other words, that APAC's liability arises from Emery's *work*, even if it does not arise from Emery's *negligence* or misconduct. And under that standard, as discussed, APAC is entitled to indemnification under the terms of the Owners policy.

## III.

For the foregoing reasons, we vacate the district court's grant of summary judgment to Owners and remand with instructions to enter judgment in APAC's favor.

---

* *Pulte* was decided by the Court of Appeals of North Carolina, not by North Carolina's Supreme Court. But both parties identify *Pulte* as the leading North Carolina case on the issue before us and treat the decision as authoritative. We agree that *Pulte* provides a reliable "indici[um] of what state law is." *See Colo. Bankers Life Ins. Co. v. Acad. Fin. Assets, LLC*, 60 F.4th 148, 154 (4th Cir. 2023) (explaining that decisions of a state's intermediate appellate court, unlike those of its highest court, are not binding statements of state law but are "the next best indicia"). Our job is to predict how North Carolina's highest court would rule on this question, and we have been given no reason to think it would depart from *Pulte*. *See id.*

*VACATED AND REMANDED*

8